UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22997-BLOOM
(Case No. 19-cr-20394-BLOOM)

JOSE RICARDO LERME SINISTERRA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Jose Ricardo Lerme Sinisterra's ("Movant") *pro se* Motion Pursuant to 28 U.S.C. § 2255, ECF No. [1] ("Motion") raising jurisdictional and ineffective assistance challenges to his underlying criminal conviction in Case No. 19-cr-20394-BLOOM. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is dismissed as untimely as to both grounds.

### I. BACKGROUND

According to the Criminal Complaint, on or about June 16, 2019, a Marine Patrol Aircraft ("MPA") located a self-propelled semi-submersible ("SPSS") vessel in international waters approximately 118 nautical miles northeast of Isla de Malpelo, Colombia. *See* Cr-ECF No. [1] ("Criminal Complaint"). The United States Coast Guard Cutter ("USCGC") *Mohawk* investigated the vessel. *See id.* at 4. *Mohawk* requested and was granted a Statement of No Objection to conduct a Right to Visit. *See id.*

Defendant, along with Edilberto Garcia Ibarbo ("Ibarbo"), Juan Carlos Silva Riascos ("Riascos"), and Victor Gustavo Gonzalez Sosa ("Sosa") (collectively, "Defendants"), were onboard the vessel. *See id.* Ibarbo identified himself as the master of the vessel and declined to make a claim for nationality for the vessel. *See id.* Accordingly, the vessel was treated as a stateless vessel and subject to the jurisdiction of the United States. A full law enforcement boarding ensued and law enforcement officials found forty-one (41) bales of cocaine. *See id.*

The Government filed a Criminal Complaint in this case on June 24, 2019, finding probable cause to charge Defendants with conspiracy to possess with intent to distribute a controlled substance while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b), and conspiracy to operate a semi-submersible vessel without nationality, in violation of 18 U.S.C. § 2285. *See* Cr-ECF No. [1]. Defendants appeared for their initial appearances before Magistrate Judge Lisette M. Reid on June 25, 2019. *See* Cr-ECF Nos. [2], [3], [4], [5].

On June 27, 2019, a grand jury sitting in the Southern District of Florida returned a four-count Indictment against Defendants charging them with conspiracy to possess with intent to distribute a controlled substance while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(b) ("Count I"); possession with intent to distribute a controlled substance while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2 ("Count II"); conspiracy to operate, by any means, and embark on any semi-submersible vessel that is without nationality and that is navigating and has navigated into, through, and from waters beyond the outer limit of the territorial sea of a single country and a lateral limit of that country's territorial sea with an adjacent country, with the intent to evade detection, in violation of 18 U.S.C. § 2285(a)-(b) ("Count III");

and operation, by any means, and embarkation on any semi-submersible vessel that is without nationality and that is navigating and has navigated into, through, and from waters beyond the outer limit of the territorial sea of a single country and a lateral limit of that country's territorial sea with an adjacent country, with the intent to evade detection, in violation of 18 U.S.C. § 2285(a)-(b) and 18 U.S.C. § 2 ("Count IV"). *See* Cr-ECF No. [7] ("Indictment").

Defendants each entered guilty pleas in this case. *See* Cr-ECF Nos. [28], [31], [34], [37]. In Defendant's Stipulated Factual Proffer, Defendant conceded that "there is enough of a factual basis for the Court to make a finding that the vessel in this case was a vessel without nationality and, thus, pursuant to Title 46, United States Code, Section 70502(c), is a vessel subject to the jurisdiction of the United States." Cr-ECF No. [32] at 2. On November 26, 2019, the Court entered a Judgment against each Defendant. *See* Cr-ECF Nos. [61], [62], [63], [64]. On January 24, 2020, the Court entered an Amended Judgment against Defendant due to a scrivener's error. *See* Cr-ECF No. [67].

On March 31, 2022[1], Movant filed a Motion to Dismiss Indictment ("Motion to Dismiss") pursuant to Fed. R. Crim. P. 18 and the Sixth Amendment of the United States Constitution, asserting that the Maritime Drug Law Enforcement Act ("MDLEA") is facially unconstitutional. *See* Cr-ECF No. [78] at 1. Defendant argued that the MDLEA impermissibly covers all drug trafficking activity, including drug trafficking without a nexus to the United States, and therefore exceeds Congress's authority under Article I, Section 8, Clause 10 ("Felonies Clause"). *See id.* at 3-5. Therefore, Defendant argued that the Court lacked subject matter jurisdiction and the

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). There is no prison date stamp on the Motion, but Movant signed it on March 31, 2022.

enforcement of the overly broad law violated his Due Process rights. *See id.* at 5. The Court denied the Motion to Dismiss on August 24, 2022. *See* Cr-ECF No. 83.

On September 13, 2022[2] Movant filed the present Motion under 28 U.S.C. § 2255.

## II.     DISCUSSION

Rule 4 of the Rules Governing § 2255 Proceedings provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." "This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" (citation omitted)). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is 'not entitled to relief.'" *Paez*, 947 F.3d at 654. In reviewing a motion under Rule 4, courts must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citation omitted).

The Court notes that the deadline for a § 2255 motion has passed. *See* 28 U.S.C. § 2255(f); *Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007) (The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes a one-year statute of limitations for filing a § 2255 motion.") Movant acknowledges that his Motion is untimely. *See* ECF No. [1] at 1-3. However, he argues that he should be granted equitable tolling due to issues related to the COVID-19 pandemic. *Id.* He cites a 13-month "transfer" to FCI Beaumont, numerous facility changes and

---

[2] There is no prison date stamp on the Motion, but Movant signed it on September 13, 2022.

4

lockdowns as well as lack of access to a law library as "external factors beyond movant's control" accounting for the delay. *Id.*

The Court acknowledges that COVID-related issues may constitute good cause for equitable tolling. However, good cause has not been shown in this case. Movant acknowledges that there is "an over two year delay in filing this 2255 motion." *Id*. at 1. The record shows that he was housed at FCI Beaumont and able to file a Motion to Dismiss on March 31, 2022. Now, over five months later, he files the present Motion and argues COVID as his good cause for the delay. However, he has not supported that statement with any circumstances that would warrant a basis for equitable tolling.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [1]**, is **DISMISSED**.[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 23, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jose Ricardo Lerme Sinisterra
50196-018
Beaumont Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 26020

---

[3] Given the Court's determination, the Court also denies Defendant's request for a hearing, jurisdictional discovery, and appointment of counsel in his Reply. See ECF No. [1] at 8-9.

5

Case No. 21-cv-22997-BLOOM

Beaumont, TX 77720
PRO SE